UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. LEWIS, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-00792-OWW-SMS PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE, AND REQUIRING PLAINTIFF TO PAY FILING FEE IN FULL WITHIN FIFTEEN DAYS OR THIS ACTION WILL BE DISMISSED<br><br>(Doc. 5) |

　　　　Plaintiff Sonny Ray Hardaway ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 25, 2007, pursuant to 28 U.S.C. § 1915(g), the Court issued an order finding plaintiff ineligible to proceed in forma pauperis and requiring plaintiff to pay the $350.00 filing fee in full within thirty day.[1] On August 1, 2007, plaintiff filed an objection, which the Court construes to be a motion for reconsideration.

　　　　Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ.

///

---

[1] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

1

P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff's motion for reconsideration sets forth no grounds entitling plaintiff to relief from the Court's order. Plaintiff's claims arise from incidents which occurred at Kern Valley State Prison in 2005. (Doc. 1.) Plaintiff does not meet the imminent danger exception, and is not entitled to proceed in forma pauperis in this action. 28 U.S.C. § 1915(g); Andrews v. King, No. 04-17459, 2007 WL 1932824, *4 (9th Cir. Jul. 5, 2007). Plaintiff has fifteen days to pay the filing fee in full or this action will be dismissed.

It is HEREBY ORDERED that plaintiff's motion for reconsideration is DENIED, with prejudice, and plaintiff has **fifteen (15) days** from the date of service of this order within which to

///
///
///
///
///

pay the filing fee in full in compliance with the Court's order of June 25, 2007, or this action will be dismissed.

IT IS SO ORDERED.

**Dated:   August 3, 2007**                   /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE